```
BENJAMIN B. WAGNER
United States Attorney
GRANT B. RABENN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for the
  United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 1:13-CR-00136-AWI-BAM |
| | ) |
| Plaintiff, | ) APPLICATION FOR PRELIMINARY |
| | ) ORDER OF FORFEITURE AND |
| v. | ) PUBLICATION THEREOF; |
| | ) APPLICATION FOR ORDER FOR |
| CHANTHA A. CHIM, and | ) FORFEITURE MONEY JUDGMENT |
| RAEB CHOU, | ) |
| | ) |
| Defendants. | ) |

Based upon the plea agreements entered into between United States of America and defendants Chantha A. Chim and Raeb Chou, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 31 U.S.C. §§ 5317, 5317(c)(1), and 31 U.S.C. § 5317(c)(2), defendants Chantha A. Chim's and Raeb Chou's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   a.  $147,900 in U.S. Currency seized from safe deposit box located at Bank of America branch in Modesto, California, held in the name of Say Eng and Sdey Chim;

   b.  $7,500 in U.S. Currency seized from an U.S. Express Mail envelope en route from Lowell, Massachusetts to Modesto, California;

Application for Preliminary Order of Forfeiture and Publication Thereof; Application for Order for Forfeiture Money Judgment

1

    c.    Yugo 59/60 model semi-automatic firearm with serial number K423900, and ammunition located inside magazine;

    d.    Norinco SKS model semi-automatic firearm with serial number 013018-DB013018;

    e.    Savage Arms Mark 2 model semi-automatic firearm with serial number 0461075;

    f.    Ruger 10/22 model semi-automatic firearm with serial number 24292833;

    g.    Winchester 68-22 model firearm with unknown serial number;

    h.    Norinco 90 model 12-gauge shotgun with serial number 0028157;

    i.    Sterling Arms CASSI model grease gun style firearm with serial number 586960215SC2626;

    j.    Phoenix Arms HP22 model firearm with serial number 4173214;

    k.    Smith & Wesson Air-weight 38 special model firearm with serial number 27050, and ammunition located inside magazine;

    l.    Smith & Wesson Air-weight 38 special model firearm with serial number 27050, and ammunition located inside magazine;

    m.    Taurus PT 247 pRO model firearm with serial number NZA81494, and ammunition located inside magazine;

    n.    Gabilondo Llama 9mm firearm with serial number 212778;

    o.    Phoenix Arms HP22 model firearm with serial number 4097953, and ammunition located inside magazine;

    p.    Colt Automatic 22 model firearm with serial number 38829;

    q.    Ruger Mark 3 model firearm with serial number 22712865;

    r.    Springfield Armory xd 9 model firearm with serial number US862231, and ammunition located inside magazine;

    s.    Para Ordinance C7-45LDA model firearm with serial number CC1428, and ammunition located inside magazine.

    t.    Norinco 54-1 model firearm with serial number 5011651;

    u.    Smith & Wesson 38+P model firearm with serial number 5001502, and ammunition located inside magazine;

Application for Preliminary Order of Forfeiture and Publication Thereof; Application for Order for Forfeiture Money Judgment

2

        v.    Glock 22 model firearm with serial number GVN475, and ammunition located inside magazine;

        w.    FNMI 49 model firearm with serial number 517MM10580;

        x.    Mach 10 Cobray model upper part with unknown serial number;

        y.    Glock 21 pistol with obliterated serial number;

        z.    Remington 870 shotgun with serial number D693276M;

        aa.   Apple Desktop SN QP0370SVDNP;

        bb.   Apple Desktop SN W89133646X1;

        cc.   Dell Tower 300 SN4HWHZ61;

        dd.   HP Laptop SN CND8511SGO;

        ee.   Canon Printer SN GFX80G1; and

        ff.   A personal money judgment in an amount to be determined by the court at the time of sentencing.

    2.    The above-listed assets constitute property which constitutes, is derived from proceeds traceable to, or are involved in a violation of 18 U.S.C. § 371 and 31 U.S.C. § 5324(a)(3). The money judgment represents an amount that the defendants obtained as a result of the underlying criminal scheme and violations of 18 U.S.C. § 371 and 31 U.S.C. § 5324(a)(3).

    3.    Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the Department of the Treasury, Internal Revenue Service Criminal Investigations, in its secure custody and control.

    4.    a. Pursuant to 28 U.S.C. § 2461(c) and 31 U.S.C. § 5317(c)(1)(B), incorporating 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a

designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

   b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

   5.  If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 31 U.S.C. §§ 5317, 5317(c)(1), and 31 U.S.C. § 5317(c)(2), in which all interests will be addressed.

   6.  The government, in its discretion, shall conduct discovery, including written discovery, the taking of depositions, and the issuance of subpoenas, in order to identify, locate or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

IT IS SO ORDERED.

Dated:   February 27, 2014                    _____
                                              SENIOR DISTRICT JUDGE

Application for Preliminary Order of Forfeiture and Publication Thereof; Application for Order for Forfeiture Money Judgment

4